IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZZIE LEE HARDY, JR., #116991, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-617-MEF |
| | ) |
| COMALA CREDIT UNION, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ozzie Lee Hardy, Jr. ["Hardy"], a state inmate, complains that Comala Credit Union, Paticial Adams, an employee of Comala, and Gary A. Sylvester, executive vice president of the credit union, violated his constitutional rights when they committed various criminal acts against him.

Upon review of the complaint, the court concludes that dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

**A. 42 U.S.C. § 1983 Claims**

Hardy asserts that Ms. Adams "stole [his] identity for the purpose of stealing . . . federal funds" issued to him by the Veterans Administration. *Plaintiff's Complaint* at 4. Hardy further

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

argues that Comala Credit Union and Gary A. Sylvester "are in a state of conspiracy against" him as these defendants have failed to undertake any action after acknowledging liability "for a crime against . . . Ozzie Lee Hardy." *Id*.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law whose conduct is reasonably attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744,

73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id.* Likewise, to proceed in a suit filed under *Bivens*,[2] the challenged actions must have been undertaken by federal officials acting under color of federal law whose actions are attributable to the government. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied*, 450 U.S. 983 (1981).[3] Although credit unions and their employees may act "'with the knowledge of and pursuant to'" applicable state and federal laws, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 162, n. 23, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), thereby "satisfying the first requirement, [a plaintiff] still must satisfy the second, whether the allegedly unconstitutional conduct is fairly attributable to the State." *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985.

The actions about which the plaintiff complains were not committed by persons who may fairly be considered state or federal actors. Moreover, it is clear that the criminal actions challenged in the complaint resulted from "merely private conduct" excluded from the reach of § 1983 and *Bivens*. In light of the foregoing, the court concludes that the claims presented against the named defendants are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Claims of Criminal Actions

---

[2]. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[3]. Cases dealing with actions of defendants under 42 U.S.C. § 1983 are equally applicable to *Bivens* claims. *Abella*, 63 F.3d at 1065.

To the extent Hardy seeks relief for alleged criminal actions which violated his constitutional rights as prohibited by 18 U.S.C. § 241 and § 242, such claims are likewise subject to summary dismissal. "Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States. There is no private right of action under this criminal statute. *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D. N.Y. 1985). . . . Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)." *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997). Thus, Hardy is precluded from obtaining relief under these code sections "because, as criminal statutes, they do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings. *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003). Hardy's claims which arise under 18 U.S.C. § 241 and § 242 are therefore due to be summarily dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. §

1915(e)(2)(B)(i).

It is further

ORDERED that on or before July 31, 2006 the parties may file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2006.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE